RUIZ, DEMANDANTE Y APELADA, *v.* LA EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de póliza de seguro.

No. 2529.—Resuelto en julio 24, 1922.

SEGURO DE AUTOMÓVIL CONTRA COLISIÓN — PRUEBA *Juris Tantum.* — La prueba *prima facie* de que un automóvil está inscrito en la Tesorería de Puerto Rico como de servicio público con un valor de $400, puede ser destruída en juicio por prueba de que el automóvil no se dedicaba al servicio público sino privado desde que fué asegurado contra colisión y de que el día del accidente que originó la reclamación tenía un valor de más de $400.

ID.—VERACIDAD DE LOS TESTIGOS—DISCREPANCIA EN CUANTO A LA HORA EN QUE OCURRIÓ UN ACCIDENTE.—En el presente caso *se resolvió:* que la discrepancia de los testigos del demandante respecto a la hora en que ocurrió el choque del automóvil no afecta a la veracidad de tales testigos pues si bien algunos no precisan la hora exacta, todos están conformes en que el accidente ocurrió por la tarde a eso de las seis y media.

ID.—CHOQUE.—Si el choque del automóvil hizo que el guía no obedeciera produ-

ciendo así la caída del vehículo por un precipicio donde quedó destrozado, a los efectos de una póliza que protegía al automóvil contra choques debe concluirse que la causa de la destrucción fué el choque.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Charles Hartzell y F. Ramírez de Arellano.*

Abogado de la apelada: *Sr. P. Fajardo Martínez.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Inocencia Ruiz estableció este pleito para que la demandada le pague los $1,085 en que tenía asegurada con ella un automóvil que el día 1º. de julio de 1920 tuvo un choque con otro como consecuencia del cual se cayó por un precipicio y quedó destruído totalmente. La demandante cedió después sus derechos a Adolfo Ruiz quien continuó el pleito.

Contestó la demandada alegando varias defensas y recayó sentencia condenando a la demandada a pagar la cantidad reclamada, contra cuyo fallo interpuso este recurso de apelación.

Una de las defensas alegadas por la demandada fué que la póliza de seguro del automóvil fué cancelada por la compañía aseguradora desde el momento de su expedición porque la demandante solicitó el seguro del automóvil por $1,085 como de servicio privado pagando una prima de $72.50 cuando es lo cierto que estaba destinado al servicio público debiendo por esto pagar una prima de $239.

Sobre ese extremo declaró probado la corte inferior que el automóvil en el momento del accidente y desde que lo comprara la demandante siempre lo utilizó y dedicó a su servicio privado, y ahora se alega por la apelante que fué error de la corte declarar que la póliza cuyo cobro es objeto del pleito era válida, fundándose en que en la Tesorería de Puerto Rico aparecía registrado el automóvil como de servicio público.

Es cierto que después de presentada la demanda la corporación aseguradora devolvió a la demandante la prima del

seguro, la que no fué admitida por la demandante, y también que cuando el automóvil fué asegurado aparecía registrado en la Tesorería de Puerto Rico como de servicio público hasta que el 1°. de julio de 1920 fué inscrito como de servicio privado pero esa evidencia *prima facie* de ser un automóvil de servicio público fué destruída por otra prueba concluyente según la cual la demandante no dedicó su automóvil al servicio público sino a su servicio privado y por tanto la corte no cometió error al estimar que la póliza estaba en vigor cuando ocurrió el accidente que destruyó el automóvil por no haberse probado que hubo engaño en la obtención de la póliza de seguro.

El segundo motivo de error alegado es por haber estimado la corte que el valor del automóvil era el de $1,085 que la demandante le dió en el momento de obtener la póliza y no el de $400 que era su verdadero valor en el momento del accidente.

También la corte inferior declaró probado que en el momento del accidente el automóvil en cuestión tenía un valor de $1,200 y más, lo que así resulta de la evidencia pues se probó que el precio aquí de esa clase de automóviles era de $1,800, que cuando el accidente lo destruyó estaba en muy buenas condiciones, casi nuevo, y que valía $1,200 a $1,300. A pesar de esto entiende el apelante que como el automóvil aparece en la Tesorería de Puerto Rico con un valor de $400 este es el valor del mismo.

Decimos, como antes, que esa evidencia *prima facie* fué destruída por otra prueba que demostró que el verdadero valor del automóvil era de $1,200, a $1,300 y por consiguiente la corte no cometió error al mandar pagar los $1,085 en que estaba asegurado.

Otro de los fundamentos de la sentencia de la corte inferior fué el siguiente hecho que declaró probado: ''Que el día 1°. de julio de 1920, fecha en que estaba en vigor la póliza en cuestión, siendo como las seis de la tarde, el automóvil

asegurado caminaba a una velocidad moderada por la carretera que conduce del pueblo de Maricao a esta ciudad de Mayagüez, y que al llegar a un sitio conocido con el nombre "Alto de Manzano" al doblar una curva se enfrentó repentinamente con otro automóvil que guiaba un tal Zapata el que marchaba en dirección opuesta, y que el *chauffeur* de la demandante con el fin de evitar un choque procuró desviar el automóvil habiendo chocado la rueda izquierda delantera del automóvil de la demandante con la parte trasera del otro que guiaba el dicho Zapata, hecho que ocasionó que el guía se pusiera defectuoso hasta el extremo de no obedecer, deslizándose a la cuneta del lado izquierdo de la carretera y de ahí yendo a parar a un precipio, como resultado de lo que el automóvil asegurado quedó destrozado, inservible y sin valor alguno.

En contraposición a él se alega en el tercer motivo del recurso que la corte erró al declarar que hubo choque entre el carro de la demandante guiado por Alayón y el carro guiado por Zapata.

La prueba de la demandante respecto del choque no fué contradicha por el demandado y más bien aparece corroborada por uno de sus testigos, pero sostiene el apelante que no debió ser creída fundándose en alguna discrepancia de los testigos respecto a la hora exacta en que el choque ocurrió.    Tal discrepancia es insignificante pues aunque algunos testigos no precisan la hora exacta, todos están conformes en que ocurrió por la tarde a eso de las seis y media por lo que no creemos que exista el error alegado.

Como último error se alega el de haber sido declarado por la corte que el accidente estaba protegido por la póliza, porque si es verdad que hubo el choque esto no es suficiente para que el automóvil cayera por el precipio, tratándose de una carretera ancha como es la de Maricao y que aunque el guía del automóvil sufriera algo, si el carro continuó corriendo y fué luego que se despeñó por el precipicio, en esta

forma no estaría cubierto el carro por la póliza porque su destrucción no sería por haber chocado con el automóvil de Zapata sino por haberse caído por un precipio.

Esa argumentación descansa toda en suposiciones. Lo cierto fué que el choque produjo como consecuencia inmediata que el guía quedara defectuoso y no obedeciera, produciendo la caída del automóvil por un precipicio y su destrucción total.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no tomaron parte en la resolución de este caso.